UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:20-cr-148

        Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

David McCullough,

        Defendant.

Defendant David McCullough requests an evidentiary hearing to determine the applicability of the sentencing cross-reference described in § 2K2.1(c)(1)(B) of the United States Sentencing Guidelines. (Doc. No. 25). The government opposes McCullough's motion. (Doc. No. 26).

McCullough was charged by indictment with one count of illegally possessing ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 3). The events which gave rise to McCullough's indictment also involved the death of two men who allegedly were attempting to force their way inside of the house where McCullough was staying. (Doc. No. 23 at 1-2).

Section 2K2.1 applies to the determination of the proper base offense level to be used during the sentencing of a defendant convicted of unlawful receipt, possession, or transportation of firearms or ammunition. "If the defendant used or possessed any . . . ammunition . . . in connection with the commission or attempted commission of another offense . . . [and] death resulted," the Guidelines direct the trial judge to apply "the most analogous offense guidelines from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater than that determined [in

subsections (a) or (b)]." U.S.S.G. § 2K2.1(c)(1)(B). Before applying the § 2K2.1(c)(1)(B) enhancement, "the trial judge must find that the defendant's conduct satisfied the definition of the cross-referenced offense by a preponderance of the evidence." *United States v. Harris*, 552 F. App'x 432, 439 (6th Cir. 2014) (citing *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) and *United States v. Milton*, 27 F.3d 203, 206 (6th Cir. 1994)).

McCullough and the government disagree as to whether the cross-reference applies. Neither party has identified a case in which a trial judge was presented with a similar pre-plea request, and my own research has not uncovered such a case within the Sixth Circuit. McCullough contends this apparent absence of authority permits me to make the ruling he seeks, arguing "[u]nless an explicit prohibition exists in statute or rule, 'trial courts have inherent power to control their dockets.'" (Doc. No. 25 at 1 (citation omitted)). While this general principle may be true, I conclude the Federal Rules of Criminal Procedure prohibit me from conducting the hearing McCullough requests.

Rule 11 expressly prohibits a trial judge from participating in plea discussions between counsel for the government and the defendant. Fed. R. Crim. P. 11(c)(1). The reason for this prohibition "flows from the fact that a judge's participation in plea negotiation is inherently coercive." *United States v. Markin*, 263 F.3d 491, 497 (6th Cir. 2001) (citing *United States v. Barrett*, 982 F.2d 193, 194 (6th Cir. 1992)); *see also United States v. Davila*, 569 U.S. 597, 609 (2013) ("Rule 11(c)(1)'s prohibition on judicial participation in plea discussions . . . becomes operative *before* a defendant has decided whether to plead guilty or to stand trial." (emphasis in original)).

In *Markin*, the Sixth Circuit concluded the coerciveness rationale applied "with equal force" to discussions between the parties regarding whether the defendant would waive an objection to the offense level calculation following a guilty plea and expressly advised the district courts to avoid involvement in sentencing negotiations. *Markin*, 263 F.3d at 498. Though McCullough's request does not implicate the precise dynamic which concerned the *Markin* court, it is clear that

2

adjudicating the applicability of the cross-reference would likely have a substantial impact on McCullough's willingness to enter a guilty plea or to proceed to trial. (*See* Doc. No. 25 at 1).

While there is nothing inherently improper about McCullough's desire to obtain some additional certainty about his potential sentencing range if he were to plead guilty, I conclude it would be improper for me to weigh in on the parties' discussions regarding a potential plea. Therefore, I deny McCullough's motion for a hearing on the applicability of the cross-reference in § 2K2.1(c)(1)(B). (Doc. No. 25).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge